The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does the Banking Department have statutory responsibility to supervise the issuance of securities in Oklahoma by state-chartered trust companies? Trust companies, pursuant to 6 O.S. 1001 [6-1001] (1975), are permitted (1) to receive deposits of trust monies; (8) to loan money upon real estate and collateral security, and to execute and issue notes payable at a future date; to pledge its mortgages on real estate and other securities up to ten times the amount paid upon the capital stock of the issuing company, and not exceeding the amount of the first mortgages pledged to secure payment; (9) to buy and sell state and municipal bonds and state warrants; to buy and sell negotiable and nonnegotiable paper, stocks and other investment securities; (22) to issue debentures, notes and other evidences of debt in the manner in which business corporations are so authorized, but only to the extent of an amount equal to ten times its capital and surplus; and to engage in a variety of other business activities, all expressly set forth. The statutory responsibility of the Banking Department with respect to the authorized activities of trust companies derives from 6 O.S. 201 [6-201] et seq. (1971). 6 O.S. 201 [6-201] establishes a Banking Department to be charged with "the enforcement and promulgation" of the Oklahoma Banking Code. 6 O.S. 203 [6-203] empowers the Banking Board to: "(3) Adopt and promulgate reasonable and uniform rules and regulations to govern the conduct, operation and management of all banks or trust companies created, organized or existing under or by virtue of the laws of the State of Oklahoma, and to govern the examination, valuation of assets and the statements and reports of such banks or trust companies, and the form on which such banks or trust companies shall report their assets, liabilities and reserves, charge off bad debts and otherwise keep their records and accounts, and otherwise to govern the administration of this Code. "(6) Order any person to cease violating a provision of this Code, or a lawful regulation issued thereunder, or to cease engaging in any unsound banking or trust practice . . . "(7) Affirm, modify, reverse or stay the enforcement of any order or ruling of the Commissioners concerning commercial banks or trust companies. "(8) Suspend a director, officer or employee of a bank or trust company who becomes ineligible to hold his position, or who, after receipt of an order to cease, violates this Code or a lawful regulation or order issued thereunder, or who is dishonest or who is reckless or grossly incompetent in the conduct of banking business. It shall be a criminal offense for any such person, after receipt of a suspension order, to perform any duty or exercise any power of any bank or trust company until the Board shall vacate such suspension order. . . ." Emphasis added 6 O.S. 204 [6-204] empowers the Bank Commissioner to require specified and detailed practices. The power of the Commissioner to impose the specified requirements apply with equal force both to banks and trust companies. 6 O.S. 205 [6-205] authorizes the Bank Commissioner and the Banking Board to have access to any record of the Department. 6 O.S. 206 [6-206](A) empowers the Commissioner and Board to subpoena and compel the attendance of witnesses, require production of evidence, administer oaths and: ". . . examine any person under oath in connection with any subject relating to duty imposed upon or power vested in the Commission . . ." 6 O.S. 206 [6-206](B) authorizes the Commissioner and Board to issue declaratory orders with respect to the applicability of the Banking Code, or a rule issued pursuant thereto to any person, property or state of facts, and continues: ". . . The orders shall bind the Board and all parties to the proceeding on the state of facts declared unless it is modified or reversed by a court . . ." The statutory powers conferred upon the Bank Commissioner and the Banking Board are sufficiently broad to dictate an affirmative answer to your question. The authority of state-chartered trust companies to issue securities derives from the Oklahoma Banking Code, and falls within the statutory responsibility of the Banking Department. Title 71 O.S. 301 [71-301] (1971), provides: "It is unlawful for any person to offer or sell any security in this state unless (1) it is registered under this act or (2) the security or transaction is exempted under section 401." Title 71 O.S. 401 [71-401] (1978), provides in pertinent part: "(a) The following securities are exempted from 71 O.S. 301 [71-301] and 71 O.S. 402 [71-402] of this title: "(3) Any security issued by and representing an interest in or a debt of or guaranteed by . . . any bank, savings institution, or trust company organized and supervised under the laws of any state;" Emphasis added 71 O.S. 401 [71-401] enumerates express exemptions to the registration requirements of 71 O.S. 301 [71-301]. The language of 71 O.S. 401 [71-401](a)(3) acknowledges that securities qualifying for the exemption were issued by supervised banks and trust companies. It is, therefore, the official opinion of the Attorney General that the Banking Department has supervisory responsibility with respect to banks and trust companies issuing securities which represent an interest in, or a debt of or guaranteed by, any trust company organized under state law; and securities and transactions not expressly exempted by 71 O.S. 401 [71-401] (1978), are subject to the registration requirements of 71 O.S. 301 [71-301] (1971). (JOHN PAUL JOHNSON) (ksg)